**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONNIE L. RAINEY,**                                                             Plaintiff,

   vs.                                                                                .

**CUBE CORPORATION, INC., and**
**ACEPEX MANAGEMENT CORPORATION, INC.**                    Defendants

Case No. 06-2401 CM

## COMPLAINT

     **COMES NOW**, Ronnie L. Rainey, by and through one of his attorneys, Peter Charles Rombold of Hoover Law Firm, and for his Complaint over and against Defendants states and alleges as follows:

    1.    Plaintiff is an individual residing in the State of Kansas in the County of Geary.

    2.    Defendant, Cube Corporation is a corporation licensed to operate in the State of Virginia who has designated its agent for purposes of receipt and service of process to be the National Registered Agents of Kansas, Inc., 2101 SW 21st St., Topeka , Kansas 66603.

    3.    Defendant, Acepex Management Corporation is a foreign corporation doing business in the State of Kansas, but not registered as such, which may be served with process at its principal place of business at 13401 Yorba Avenue, Chino, California.

    4.    Plaintiff hereby charges Defendants with discriminatory, and unlawful employment practices, expressly prohibited by 42 U.S.C. § 2000e-2.

    5.    This Court possesses personal jurisdiction over the parties of the subject matter of this action pursuant to 28 U.S.C. § 1343 and 1346.

    6.    In December of 2001, Plaintiff was hired by Cube Corporation to perform on a maintenance services contract with the U.S. Army at Irwin Army Community Hospital on Ft. Riley, Kansas.  Cube took over that contract, and Plaintiff commenced employment with that

COMPLAINT                                    -2-

firm on December 1, 2001 until Acepex Management Corporation, Inc. replaced Cube Corporation.

7.      Mr. Don Johnson, served as Quality Control Manager for Cube Corporation, went on to serve as Acepex's Management Corporation's Quality Control Manager after December 1, 2004.  Johnson and his cohorts played a significant role in the actions described below while Plaintiff worked for Cube Corporation and attempted to continue on the contract when Acepex Management Corporation, Inc. took over the contract.

8.      Because of Plaintiff's race (black) Plaintiff was subjected to disparate terms and conditions of employment while employed by Cube Corporation.

9.      Because of his race, Plaintiff was forced to do work that other employees preferred not to do.

10.     Also, Plaintiff was required to do work for less compensation (less than prevailing wage) than that received by other white employees doing the same work.

.      11.     When Plaintiff complained about work assignments and compensation levels, Plaintiff was told that he would be terminated unless Plaintiff agreed to do the work and accept the pay offered to him.

12.     If white employees were asked to do this work or demanded prevailing wages, they were either allowed not to do the work, or they received the prevailing wage.

13.     Plaintiff was also denied training and employment opportunities that were granted as a matter of course to similarly situated white employees.

COMPLAINT                                -3-

14.     Plaintiff had a Fourth Class Stationary Engineer Certification, but was never trained in the specifics of the operation or maintenance of the boiler plant at the hospital, as were other white employees with the same certification and training.

15.     Cube Corporation's contract came to an end on December 1, 2004, which was also the last day of Plaintiff's employment.  The successor corporation, Acepex Management Corporation, did not hire Plaintiff due to his race.

16.     Just prior to the end of Cube Corporation's contract, the aforesaid Don Johnson told Plaintiff that he "made too much money to be a black man."  In his position as Acepex's Quality Control Manager, Johnson played a key role in determining who would continue to be employed on the contract after Acepex took over.

17.     Plaintiff complained to Acepex officials about the racial discrimination but they took no action, and Plaintiff was not hired.

18.     Plaintiff was discriminated against due to his race, and because of his complaints about and opposition to the racially discriminatory and retaliatory practices described above contrary to Title VII.

19.     As a result of the aforesaid discriminatory and prohibited employment practices, Plaintiff has suffered past and future wage losses, and lost time.  He has suffered additional financial losses directly attributable to his loss of employment, and incurred costs in bringing this action, all in amount exceeding $75,000.00.

**WHEREFORE**, Plaintiff prays for judgment over and against Defendants, and each of them in an amount in excess of $75,000.00, for his costs incurred herein,  including reasonable

COMPLAINT                                    -4-

attorney fees and for such other and further relief which the Court deem just and equitable in the

circumstances.

/s/ Peter Charles Rombold
Attorney for Plaintiff
Ks. S. Ct. No. 11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
Attorneys for Plaintiff
(785) 238-3126
(785) 238-1717 (fax)
E-mail:rombold@hooverlawfirm.com

## **Demand for Trial by Jury**

Comes Now Plaintiff, by and through one of his attorneys, Peter Charles Rombold, of

Hoover, Schermerhorn, Edwards, Pinaire & Rombold and on behalf of Plaintiff hereby demands

trial by jury on all matters triable to a jury on the Complaint in Kansas City, Kansas.

/s/    Peter Charles Rombold, #11539

PR:Rainey.Complaint